**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

CATASHA AND CHARLES BROWN
and LEORTHLIS SCALES,                                                                       PLAINTIFFS,

VS.                                                    CIVIL ACTION NO. 4:05CV195-P-A

COLDWELL BANKER REAL ESTATE
CORPORATION, ET AL.,                                                        DEFENDANTS.

**PARTIAL FINAL JUDGMENT**

This matter comes before the court upon Defendant State Bank & Trust Company's Motion to Compel Arbitration [126-1] of Plaintiff Leorthlis Scales' claims against them. After due consideration of the motion and the response filed thereto, the court finds as follows, to-wit:

It is undisputed that Leorthlis Scales signed a "stand-alone" three-page agreement entitled "Deposit Account Arbitration Agreement" on November 6, 2002 when Scales opened a bank account with State Bank. Paragraph 3 of the arbitration agreement states in pertinent part:

> Any claim, dispute or controversy between Customer and Bank ... arising from or related to any matter, including, but not limited to, the Deposit Account, any past or future interactions, business or dealings between the parties ... shall be resolved, upon the unilateral or joint election of Customer or Bank ... by binding arbitration, as hereinafter provided, pursuant to the Rules of the American Arbitration Association ("AAA") in effect at the time the Claim is asserted.

Under the Federal Arbitration Act, written agreements to arbitrate controversies arising out of an existing contract "**shall** be valid, irrevocable and enforceable." 9 U.S.C. § 2 (emphasis added). The Supreme Court has consistently held that "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." *Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University*, 489 U.S. 468, 476 (1989).

In any event, a person is bound by the contents of a contract she signs, whether she reads it or not. *Washington Mutual Finance Group, LLC v. Bailey*, 364 F.3d 260, 262-63 (5th Cir. 2004) (even an illiterate person is charged with reading a contract); *Stephens v. Equitable Life Assur. Society of the U.S.*, 850 So.2d 78, 83-84 (Miss. 2003); *Massey v. Tingle*, 867 So.2d 235, 240 (Miss. 2004) ("[I]n Mississippi, a person is charged with knowing the contents of any document that he executes."); *Turner v. Terry*, 799 So.2d 25, 36 ("[P]arties to an arms-length transaction are charged with a duty to read what they sign; failure to do so constitutes negligence."); and *McKenzie Check Advance of Mississippi, LLC v. Hardy*, 866 So.2d 446, 455 (Miss. 2004) ("It is well settled under Mississippi law that a contracting party is under a legal obligation to read a contract before signing it.").

Despite plaintiff counsel's valiant efforts, the facts that (1) Scales was not forced to sign the stand-alone arbitration agreement; (2) the arbitration agreement was not hidden within a larger contract as fine print, (3) the arbitration agreement clearly disclosed its terms; (4) Scales had an opportunity to read the agreement (5) there is no allegation that Scales cannot read (which is not a defense in and of itself), (6) Scales had the option of not signing the agreement; and (7) State Bank had a policy of having those opening accounts to sign arbitration agreements are insurmountable to the plaintiffs attempt to defeat State Bank's motion to compel arbitration.

Fraud in the inducement is a traditional defense to the formation of a contract, including arbitration agreements. The question of fraud in the inducement of entering an arbitration agreement, as opposed to a contract as a whole, is an issue to be decided by the court and not the arbitrator. However, the plaintiffs' allegations in this case do not constitute fraud in the inducement of entering into the arbitration agreement.

With regard to fraud in the inducement, the Mississippi Court of Appeals in *Lacy v.*

*Morrison*, 906 So.2d 126, 129 (Miss. Ct. App.2004) wrote:

> Fraud in the inducement arises when a party to a contract makes a fraudulent misrepresentation, *i.e.,* by asserting information he knows to be untrue, for the purpose of inducing the innocent party to enter into a contract. Contracts entered under such circumstances are voidable by the innocent party; however, the innocent party must first establish the presence of the misrepresentation or fraud alleged which requires proving, by clear and convincing evidence, the following elements: (1) A representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the matter reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance upon its truth; (8) his right to rely thereon; (9) his consequent and proximate injury.

Though the plaintiffs in this case allege fraudulent conduct by Jim Pruett and State Bank with regard to the establishing of the bank account itself, there is no evidence that anyone fraudulently induced Scales to sign the stand-alone arbitration agreement. While the plaintiffs contend that it was State Bank's knowledge of the fraud that led them to require Scales to execute the arbitration agreement in the first place, the plaintiffs do not contend that anyone misrepresented the actual terms of the arbitration agreement. An analysis of the key fraud elements does not support fraud in the inducement since the representation that the arbitration agreement was in fact an arbitration agreement was not false, nor did the speaker have knowledge that the arbitration agreement was not an arbitration agreement.

An example of fraud in the inducement in entering a contract would be if a person who was illiterate was told that a paper she was signing was an agreement to be given a car when in fact the paper was an agreement to give away her house. Establishing fraud in the inducement is no doubt difficult to prove given the other fraud element requiring that the person signing the agreement had a right to rely on the misrepresentation. One right a person does not have is to not read a contract that discloses all of the terms wished to be enforced later. That is what happened in this case. It is not

alleged that anyone represented to Scales that the arbitration agreement was anything other than an arbitration agreement, the terms of which were fully disclosed. Scales should have read the contract and if she did not understand a term, she had the duty to either not sign the agreement or to consult someone else regarding the terms. The ancient warning *caveat emptor*, or buyer beware, speaks to avoiding situations such as this.

The court concludes that the motion to compel arbitration should be granted. However, rather than stay the instant proceedings pending the outcome of arbitration as requested by the defendants, the court concludes that Leorthlis Scales' claims against State Bank should be dismissed without prejudice. This is appropriate given that all of Scales' claims against State Bank in this action are covered by the arbitration agreement. "The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). "Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by ... 9 U.S.C. §§ 9-12." *Id*.

Finally, the court is aware that the plaintiff views this result as harsh, given the allegations of a conspiracy to defraud her by Jim Pruett and State Bank. However, Congress, the U.S. Supreme Court and the Fifth Circuit Court of Appeals have all supported strict enforcement of arbitration agreements and this court is bound by their precedent. Furthermore, Scales' claims are not without remedy, since she will have the opportunity to advance them before an arbitrator.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendant State Bank & Trust Company's Motion to Compel Arbitration [126-1] is

**GRANTED**; therefore,

(2) All of Plaintiff Leorthlis Scales' claims against Defendant State Bank & Trust Company are hereby **DISMISSED WITHOUT PREJUDICE**;

(3) Plaintiff Leorthlis Scales' claims against the other defendants in this action remain.

**SO ORDERED** this the 9th day of March, A.D., 2007.

                                          /s/ W. Allen Pepper, Jr.
                                          W. ALLEN PEPPER, JR.
                                          UNITED STATES DISTRICT JUDGE