**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

CATASHA AND CHARLES BROWN
and LEORTHLIS SCALES,　　　　　　　　　　　　　　　　　　PLAINTIFFS,

VS.　　　　　　　　　　　　　　　　　　CIVIL ACTION NO. 4:05CV195-P-A

COLDWELL BANKER REAL ESTATE
CORPORATION; ET AL.,　　　　　　　　　　　　　　　　　　DEFENDANTS.

**PARTIAL FINAL JUDGMENT**

These matters come before the court upon the joinders of Defendants Coldwell Banker Real Estate Corporation [264], Bank of Commerce and Terry Green [267], Linda Pruett and Coldwell Banker First Greenwood-Leflore Realty [268], and Novastar Mortgage, Inc.[274] in Defendant State Bank & Trust Company's Motion to Compel Arbitration of the Claims of Plaintiff Leorthlis Scales [126] which this Court granted in its March 12, 2007 Partial Final Judgment [202]. After due consideration of the motions for joinder, the court finds as follows, to-wit:

It is undisputed that Leorthlis Scales signed a "stand-alone" three-page agreement entitled "Deposit Account Arbitration Agreement" on November 6, 2002 when Scales opened a bank account with State Bank. Paragraph 3 of the arbitration agreement states in pertinent part:

> Any claim, dispute or controversy between Customer and Bank ... arising from or related to any matter, including, but not limited to, the Deposit Account, any past or future interactions, business or dealings between the parties ... shall be resolved, upon the unilateral or joint election of Customer or Bank ... by binding arbitration, as hereinafter provided, pursuant to the Rules of the American Arbitration Association ("AAA") in effect at the time the Claim is asserted.

In *Grigson v. Creative Artists Agency, LLC*, 210 F.3d 524 (5th Cir. 2000), the Fifth Circuit Court of Appeals adopted the following Eleventh Circuit test contained in *MS Dealer Services Corp.*

*v. Franklin*, 177 F.3d 942 (11th Cir. 1999):

> Existing case law demonstrates that equitable estoppel allows a nonsignatory to compel arbitration in two different circumstances.
>
> First, equitable estoppel applies when the signatory to a written agreement containing an arbitration clause must rely on the terms of the written agreement in asserting its claims against the nonsignatory. When each of a signatory's claims against a nonsignatory makes reference to or presumes the existence of the written agreement, the signatory's claims arise out of and relate directly to the written agreement, and arbitration is appropriate.
>
> Second, application of equitable estoppel is warranted when the signatory to the contract containing an arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract. Otherwise the arbitration proceedings between the two signatories would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted.

*Grigson*, 210 F.3d at 527 (citing with approval *Franklin*, 177 F.3d at 947) (reformatted for clarity).

Pursuant to *Grigson*, the second, alternative test for equitable estoppel requires that the plaintiff signatory raise "allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract." 210 F.3d at 527. Having considered the parties' arguments in this case and the other identical cases pending before this court, the court concludes that the very nature of the plaintiff's RICO claims against all defendants in this matter renders the second *Grigson* test applicable to this case.

Any RICO claim necessitates (1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise. *Crowe v. Henry*, 43 F.3d 198, 204 (5th Cir. 1995). An "enterprise" can be "any individual, partnership, corporation, association, or other legal entity and a union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). "A pattern of racketeering activity requires two

or more predicate acts and a demonstration that the racketeering predicates are related and amount to or pose a threat of continued criminal activity." *St. Paul Mercury Ins. Co. v. Williams*, 224 F.3d 425 (5th Cir. 2000).

In the Complaint, the plaintiffs assert that all of the defendants, the signatory and nonsignatories to the arbitration agreement between Leorthlis Scales and State Bank, are liable for participating in an enterprise of racketeering activity. For example, paragraph 1 of the Amended Complaint states: "*Each* Defendant named above, as is set forth in the paragraphs that follow, has violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1962, *et seq.* (RICO)." (emphasis added). Paragraph 2 states: "In particular, *each* Defendant named above has participated in a pattern of 'racketeering activity' by each committing two or more violations of Federal criminal statutes, including statutes relating to mail fraud and wire fraud." (emphasis added). Paragraph 3 states: "These Defendants each were members of a group of persons, who invested in and/or maintained an interest in, and/or participated in an 'enterprise,' which was engaged in and/or which affected interstate commerce."

Thus, Plaintiff Leorthlis Scales' RICO claims constitute "allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract."

Accordingly, the court concludes that the remaining defendants' motions for joinder in State Bank's motion to compel arbitration, which this court granted on March 12, 2007, should be granted. Since all of Plaintiff Leorthlis Scales' claims against all of the remaining defendants should be compelled to arbitration, they should be dismissed from this action without prejudice. This is appropriate given that all of the plaintiff's claims in this action are covered by the arbitration

agreement. "The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). "Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by ... 9 U.S.C. §§ 9-12." *Id*.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The joinders of Defendants Coldwell Banker Real Estate Corporation [264], Bank of Commerce and Terry Green [267], Linda Pruett and Coldwell Banker First Greenwood-Leflore Realty [268], and Novastar Mortgage, Inc.[274] in Defendant State Bank & Trust Company's Motion to Compel Arbitration of the Claims of Plaintiff Leorthlis Scales [126] which this Court granted in its March 12, 2007 Partial Final Judgment [202] are hereby **GRANTED**; therefore,

(2) All of Plaintiff Leorthlis Scales' claims against the remaining defendants are **DISMISSED WITHOUT PREJUDICE** and are **COMPELLED TO BINDING ARBITRATION**; and

(3) The claims of Catasha and Charles Brown remain.

**SO ORDERED** this the 1st day of November, A.D., 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE